In pursuance of the foregoing power, I rearrange said third paragraph of said codicil to read as follows:

"I give and bequeath my life insurance in the Order of Railway Conductors to my said wife, if she survives me. If she dies, and for that reason it reverts to my estate, I give and bequeath the same in equal shares to my sister, Ida D. Tremain, my daughter, Zema Smith, and son, George W. Sharp."

In Roe v. Vingut, 117 N. Y. 206, 22 N. E. 933, the court said:

"I recognize the fact that, in order to obtain this reading, it is necessary to make some alteration in the third and sixth subdivisions and to supply some omissions. But in doing so it only serves to carry out the main purpose of the testatrix, which may be spelled out from the will itself."

[6] It may be that the meaning of the testator, as expressed in the third paragraph of the codicil, is involved in some doubt and obscurity; but it is the duty of the courts in construing such a provision to so interpret it as to uphold rather than to render it void. Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4; Roe v. Vingut, supra; Du Bois v. Ray, 35 N. Y. 162; Greene v. Greene, 125 N. Y. 512, 26 N. E. 739, 21 Am. St. Rep. 743; Post v. Hover, 33 N. Y. 601; Lytle v. Beveridge, 58 N. Y. 598.

It seems plain to the court that, if the testator did not intend that his wife should have his insurance money, he never would have mentioned her in the third paragraph of his codicil. I therefore hold and decide that Fannie E. Sharp, the widow of the testator, named in the third paragraph of the said codicil, is entitled thereunder to the proceeds of said three insurance policies, which it is conceded amount to $3,000, and the executors are directed to pay the same to her.

Decreed accordingly.

---

(86 Misc. Rep. 584)

### In re FOWLER et al.

(Surrogate's Court, Westchester County. July, 1914.)

WILLS (§ 800*)—BEQUESTS—HUSBAND AND WIFE—RELEASE OF CLAIMS.

Where testator bequeathed property to his wife, pursuant to a separation agreement providing that he would bequeath her "after the payment of his debts and funeral and testamentary expenses one-third of his estate," and the wife elected to take such bequest, the estate was relieved from claims for support, alimony, and dower.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2074–2076; Dec. Dig. § 800.*]

Judicial settlement of the account of Robert T. Fowler and others, as executors of Paul A. Heubner, deceased. Decreed according to opinion.

Rudolph A. Seligmann, of New York City, for executors.

Will F. Gay, of Mt. Vernon, for Marion M. Heubner.

Edgar C. Beecroft, of New York City, special guardian.

SAWYER, S. Paul A. Heubner died on the 16th day of January, 1913, leaving a last will and testament which was duly admitted to probate in this court on the 30th day of January, 1913, whereby he left one-third of his estate to his wife by the following clause of his will:

"First. After the payment of my just debts and funeral and testamentary expenses, I give, devise and bequeath one-third of the remainder of my estate, real and personal, of whatever name and nature, unto my wife, Marion M. Heubner, to have and to hold the same unto my said wife, her heirs and assigns forever."

After making certain other specific bequests, the testator devised the remainder of his estate, as follows:

"Third. * * *

"(j) All the rest, residue and remainder of the said two-thirds of my estate, real and personal, of whatever name and nature, I give, devise and bequeath to my executors and trustees hereinafter named, the survivor or survivors of them and their successor or successors, in trust nevertheless, to invest, reinvest and keep invested the same, and to collect the rents, profits and income thereof and to pay over the said rents, profits and income to Ruth Jacobs, daughter of my niece Pauline Heitner Jacobs, during her minority, and to transfer and pay over the principal thereof to said Ruth Jacobs upon her attaining the age of twenty-one years; and in the event of the death of the said Ruth Jacobs before attaining the age of twenty-one years I direct my said executors and trustees, the survivor or survivors of them, and their successor or successors, to transfer and pay over the said principal in equal parts to my sister Johanna Pross and to my niece Pauline Heitner Jacobs, share and share alike, and in the event of the death of either my said sister Johanna Pross or my niece Pauline Heitner Jacobs, leaving issue, such issue shall take collectively the share which such deceased would have taken if living, per stirpes and not per capita; and in the event of the death of either of them, without leaving lawful issue, the share to which said deceased would otherwise be entitled hereunder shall be paid to the survivor of said Johanna Pross and Pauline Heitner Jacobs."

At the time of the death of the testator he left him surviving a widow, with whom, during his lifetime, he had entered into articles of separation by an instrument in writing dated October 26, 1909. The residuary devisee and legatee, Ruth Jacobs, is a minor, and her special guardian claims that the separation agreement, between the testator and his wife, above referred to, was a valid contract and bars the widow's claim to dower. This is disputed by the attorney for the widow.

Under the separation agreement the testator covenanted and agreed to pay to his then wife the sum of $5,000 per year during his or her life, and he also agreed to pay certain other debts amounting to approximately $1,300, and, further, that he would make a valid will bequeathing to his wife "after the payment of his debts and funeral and testamentary expenses one-third of his estate, real and personal." He further agreed that he would make no gift of any of his property in anticipation of death and in case of default specific performance might be enforced.

The first paragraph of the will, as above set forth, shows that the testator included in his will and testament the provision of the separation agreement which referred to leaving a bequest and devis to his wife of one-third of his estate, both real and personal. By the separation agreement the wife covenanted and agreed that after the payment of the specified debts and alimony, the receipt of the foregoing specified share in her husband's estate, and the performance of the husband's covenants hereunder, that the same "shall be in full satisfaction for her support and maintenance and for all alimony and other claims whatever." The covenants and agreements by the hus-

band in the separation agreement were carried out, kept, and performed by him.

A careful consideration of the facts and circumstances leads me to believe and in fact I can reach no other conclusion but that the bequest in the will to the widow of one-third of the real and personal estate was given in lieu of dower. The husband died seized of only one small piece of real estate, which the executors have sold under a power of sale. If the wife had elected to accept her dower right, she would have received only upwards of $5,000; by accepting the specific bequest she will receive upwards of $40,000. The executors have already paid her a substantial sum agreeable to the provisions of the will, and she has not elected to assert her dower right by the commencement of an action to admeasure the same within one year. She having elected under the will to take the devise and bequest mentioned therein, she is not entitled now to her dower right.

It is very clear to me that the devise and bequest made to the wife under the will carried out specifically the provisions of the separation agreement and released the testator and his estate from all claim of the widow for her support, maintenance, alimony, and other claims whatever.

The claim of the widow for her dower right in the real property of the testator is disallowed.

The special guardian may apply to the court for his allowance.

Decreed accordingly.